# United States District Court
## Central District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-1078 |
| | ) | |
| ROBERT K. ZABKA, | ) | |
| DEBRA ZABKA, | ) | |
| BROOKSTONE HOSPITALITY | ) | |
|   LIMITED PARTNERSHIP, | ) | |
| ANTIQUES LIMITED PARTNERSHIP, | ) | |
| ZFP LIMITED PARTNERSHIP, | ) | |
| PRARIE STATE BANK & TRUST, N.A., | ) | |
| FIRST MID-ILLINOIS BANK | ) | |
|   & TRUST, N.A., | ) | |
| BANK OF AMERICA, N.A. | ) | |
| And ELEOS, LLC, | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER

This matter is now before the Court on Defendant's Motion to Dismiss the Government's Complaint.  For the reasons set forth below, the Motion to Dismiss [#13] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 26 U.S.C. §§7402 and 7403, and 28 U.S.C. §§1340 and 1345.

## BACKGROUND[1]

On June 28, 2000, Robert K. Zabka and Debra Zabka ("the Zabkas" or "Defendants") filed a petition with the U.S. Tax Court seeking a redetermination of their federal income tax liability for the years 1996 and 1997.  On October 6, 2003, the Secretary of the Treasury made assessments against Robert K. Zabka and Debra Zabka for $959,775.30 for income tax,

---

[1] For the purposes of this Motion to Dismiss, the background is taken from the allegations in Plaintiff's Complaint and is presumed to be true.

penalties, and interest for the years 1998 and 1999.  The Zabkas owe $219,371 in taxes, $43,874.20 in penalties, and $65,707.09 in interest charges for 1998, and $423,392 in taxes, $84,678.40 in penalties and $122,752.61 in interest charges for 1999.  On April 21, 2004, the United States Tax Court determined that there were deficiencies in income tax, additions to tax, and penalties due from the Zabkas totaling $1,204,825.59 for tax years 1996 and 1997. Notices of the assessments and demands for payment were then sent to the Zabkas on or about the dates of the assessments.  The Zabkas have not paid the deficiencies, and, as of December 21, 2009, the Zabkas' outstanding balance is $3,345,328.46.

Until October 3, 2000, the Zabkas owned record title, or record title was held in a trust in their names, to 10 properties.  The properties are located in Charleston, Illinois, at the following addresses: 18515 Chief Road, 1441 7th Street; 1443 7th Street, 738 18th Street, 1436 9th Street, 1438 9th Street, 1448 9th Street, 1725 Harrison Street, 17585 Harrison Street, and 17613 Harrison Street (collectively known as "The Properties").  The Zabkas acquired title to each of these properties between June 1987 and November 1999.

The Zabkas transferred title to The Properties to one of three limited partnerships.  The limited partnerships include Brookstone Hospitality Limited Partnership, Antiques Limited Partnership, and ZFP Limited Partnership (collectively known as the "Limited Partnerships"). Several of The Properties were transferred by a warranty deed dated October 3, 2000.  These were then recorded on either November 3, 2003, or November 7, 2003.  However, some of The Properties were both transferred and recorded on November 3, 2003.

On March 2, 2010, the Government brought this action to obtain judgment and to collect unpaid federal income tax assessments against the Zabkas, to obtain declaration that the federal tax liens associated with the unpaid income tax assessments against the Zabkas attached to The Properties, and to foreclose those federal tax liens.  Defendants have moved to dismiss the Government's Complaint.  The Government has filed its response, and this Order follows.

## **DISCUSSION**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief.  *See Conley v. Gibson,* 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.,* 1 F.3d 544, 548 (7th Cir. 1993).   Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).   More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level."  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See Albright v. Oliver,* 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding,* 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467 (7th Cir. 1997); *M.C.M Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75 (7th Cir. 1992).

Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  FED. R. CIV. P. 8(e)(1).   The Supreme Court has also certified that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 127 S.Ct. at 1964-1965.  Furthermore, the claim for relief must be "plausible on its face."  *Id.*; *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953 (2009).  "Nonetheless, a plaintiff must provide "only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations, show that it is plausible, rather than merely speculative, that he is

entitled to relief.'"  *Reger Development, LLC v. National City Bank,* 592 F.3d 759, 764 (7th Cir. 2010), *citing Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

### The Transfers are Subject to liens under 26 U.S.C. §6323

The Defendants first argue that according to 26 U.S.C. §6323, The Properties are not subject to any tax liens.  However, 26 U.S.C. §§ 6321 and 6322 state "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person" and "the lien imposed… shall arise automatically at the time the assessment is made…."   Section 6323(a) further provides: "[t]he lien imposed by §6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lien, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."  26 U.S.C. §6323(a).  Subsection (f) then requires actual notice by recording a Notice of Federal Tax Lien ("NFTL").  26 U.S.C. §6323(f).  The Defendants' contention that §6323 applies on the merits is beyond the scope of a FED. R. CIV. P. 12(b)(6) Motion to Dismiss.

The Government must have a well-pleaded complaint that is "plausible on its face." *Ashcroft v. Iqbal*, at 1953.  *Iqbal* sets a higher standard of pleading; however, it has not created a requirement equivalent to fact-pleading.  *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).  In its Complaint, the Government is required to provide the Zabkas with notice of its claims and some specific facts in support of its legal claims, rather than "merely parrot the statutory language of the claims that they are pleading…"  *Id.*  The Government's Complaint fulfills these requirements.  In this case, the Government alleges that: (1) an assessment for deficiencies in taxes was made upon the Zabkas; (2) notice and demand was sent; (3) the Zabkas neglected or refused to pay the deficiencies; and (4) a tax lien attached to The Properties.  The Complaint also includes statutory language, but it is not "merely parroting" because it also includes the necessary factual support for its conclusions.  Defendants' argument that certain factual

4

assertions are disputed must await resolution on a more fully developed factual record at summary judgment.  Accordingly, this aspect of the Motion to Dismiss is denied.

### Fraudulent Transfer Claim

The Government alleges in its Complaint that the Zabkas transferred The Properties to the Limited Partnerships without receiving any consideration.  The Government further alleges that the transfers were made in anticipation of the assessments being made against the Zabkas. In response, the Zabkas argue that "the Government must plead facts that prove either 'fraud in law' or 'fraud in fact.'"  However, for the purposes of a 12(b)(6) Motion to Dismiss, this statement is incorrect.  The Government must "plead enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegation."  *Brooks,* 578 F.3d at 581. Once again, fact-pleading is not required.  The Government does not have to plead facts that **prove** the transfers were fraudulent.  (emphasis added)  Rather, Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity.  The Government alleges that "the transfers were made with actual intent to hinder, delay or defraud the United States of America" and they "were made without receiving a reasonably equivalent value in exchange." Furthermore, the Complaint alleges that the Defendants became insolvent as a result of the transfers.

The Government has provided the Defendants with notice of its claim, including sufficiently particular description of the circumstances constituting the alleged fraud by alleging that no consideration was given in exchange for The Properties, the transfers were made in anticipation of liens,  and that the Zabkas became insolvent as a result of the transfers.  For the purposes of this Motion, the Court must accept the Government's factual allegations as true.  *Id.* The Zabkas may make their argument as to whether the facts support the conclusion that the transfers were fraudulent at the appropriate time; however, that time is not now before the Court on a Motion to Dismiss.

**Nominee and Alter Ego Claims**

Finally, the Zabkas argue that the Government has failed to properly plead a claim that the Limited Partnerships were "alter egos" or "nominees" of the Zabkas.  In its Complaint, the Government alleges that: (1) the Zabkas have exercised dominion and control over the properties after the transfer; (2) Brookstone Hospitality Limited Partnership, Antiques Limited Partnership and ZFP Limited Partnership did not give any consideration for the record ownership for any of The Properties; (3) the Zabkas are partners in each of the Limited Partnerships; and (4) record title was placed in the names of the Limited Partnerships in anticipation of the federal tax assessments that were made against Robert K. Zabka and Debra Zabka.  In their Motion to Dismiss, the Defendants articulated the tests for alter ego and nominee status and argue that the Government has not pled any of these factors in its Complaint.  Again, this argument is misplaced even under *Twombly* and *Iqbal* because the Government is not held to a fact-pleading standard.  *Brooks,* 578 F.3d at 581.  Those factors are required to prove an alter ego or nominee status and are not required to be established at the pleading stage.

In a Motion to Dismiss, courts will not weigh the merits of the complaint.  *Id.*  There is no probability requirement: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* citing *Twombly,* 127 S.Ct. at 1955.  The Court is only charged with determining whether the Complaint has met the standard set forth in *Twombly* and *Iqbal.  Id.*  The Government must plead facts that give "the defendant fair notice of what the… claim is and the grounds on which it rests." *Id.*  Through its Complaint, the Government has put the Defendants on notice of its allegation that the Limited Partnerships are alter egos or nominees, and Defendants suggestion to the contrary must be denied at this time.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [#13] is DENIED.  This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 27th day of July, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge