# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT K. ZABKA, et al., ) <br> ) <br> Defendants. ) | Case No. 10-1078 |

## O R D E R

Now before the Court is Plaintiff's Motion to Dismiss Damages Claims. For the reasons set forth below, the Motion [#56] is GRANTED IN PART and DENIED IN PART.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 26 U.S.C. §§7402 and 7403, and 28 U.S.C. §§1340 and 1345.

## BACKGROUND[1]

On June 28, 2000, Robert K. Zabka and Debra Zabka ("the Zabkas" or "Defendants") filed a petition with the U.S. Tax Court seeking a redetermination of their federal income tax liability for the years 1996 and 1997. On October 6, 2003, the Secretary of the Treasury made assessments against Robert K. Zabka and Debra Zabka for $959,775.30 for income tax, penalties, and interest for the years 1998 and 1999. The Zabkas are alleged to owe $219,371 in taxes, $43,874.20 in penalties, and $65,707.09 in interest charges for 1998, and $423,392 in taxes, $84,678.40 in penalties and $122,752.61 in interest charges for 1999. On April 21, 2004, the United States Tax

---

[1] For the purposes of this Motion to Dismiss, the background is taken from the allegations in the Complaint and Defendants' First Amended Counterclaims and is presumed to be true.

Court determined that there were deficiencies in income tax, additions to tax, and penalties due from the Zabkas totaling $1,204,825.59 for tax years 1996 and 1997. Notices of the assessments and demands for payment were purportedly sent to the Zabkas on or about the dates of the assessments. The Zabkas have not paid the deficiencies, and, as of December 21, 2009, the Zabkas' outstanding balance is $3,345,328.46.

Until October 3, 2000, the Zabkas owned record title, or record title was held in a trust in their names, to 10 properties. The properties are located in Charleston, Illinois, at the following addresses: 18515 Chief Road, 1441 7th Street; 1443 7th Street, 738 18th Street, 1436 9th Street, 1438 9th Street, 1448 9th Street, 1725 Harrison Street, 17585 Harrison Street, and 17613 Harrison Street (collectively known as "The Properties"). The Zabkas acquired title to each of The Properties between June 1987 and November 1999.

The Zabkas transferred title to The Properties to one of three limited partnerships. The limited partnerships include Brookstone Hospitality Limited Partnership, Antiques Limited Partnership, and ZFP Limited Partnership (collectively known as the "Limited Partnerships"). Several of The Properties were transferred by a warranty deed dated October 3, 2000. These were then recorded on either November 3, 2003, or November 7, 2003. However, some of The Properties were both transferred and recorded on November 3, 2003.

On March 2, 2010, the Government brought this action to obtain judgment and to

collect unpaid federal income tax assessments against the Zabkas, to obtain declaration that the federal tax liens associated with the unpaid income tax assessments against the Zabkas attached to The Properties, and to foreclose those federal tax liens. On December 28, 2010, the Zabkas filed their First Amended Counterclaims seeking damages from the United States for unlawful collections actions, failing to release invalid liens upon request, the unauthorized disclosure of information, and deprivation of due process. Plaintiff/Counter-Defendant has moved to dismiss the First Amended Counterclaims. The Zabkas have filed their response, and this Order follows.

## **LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v.

Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## DISCUSSION

The Government argues that the Zabkas' Counterclaims must be dismissed for failure to exhaust available administrative remedies under 26 U.S.C. §§ 7432 and 7433. Specifically, the Government argues that the First Amended Counterclaims do not contain "any allegations that the Zabkas exhausted their administrative remedies under §§ 7433 and 7432, by sending the Internal Revenue Service administrative claims that included descriptions of the injuries incurred and set forth the dollar amount of the claims."

While the Government's assertion may be technically correct given its focus on the lack of allegations identifying the precise method in which the Zabkas exhausted administrative remedies, no such specificity is required even under the more stringent pleading standards of Twombly and Iqbal. What is required is a showing sufficient "to raise a right to relief beyond a speculative level" and that is "plausible on its face." Twombly, 127 S.Ct. at 1965; Iqbal, 129 S.Ct. at 1953.

In this respect, ¶ 21 alleges "The Zabkas' exhausted every administrative remedy to have the United States' unlawful liens released and to recover damages. . . ." Additionally, ¶ 24 asserts:

> The Zabkas exhausted all administrative remedies pursuant to 26 U.S.C. § 7433(d)(1) and Treas. Reg. § 301.7433-1(d) and (e) to stop the United States' unlawful collection and for damages. Further, the Zabkas exhausted all administrative remedies pursuant to 26 U.S.C. § 7432(d)(1) and Treas.

- 4 -

> Reg. § 301.7432-1(e) and (f) to request release of lien and
> for damages. Having thus exhausted all administrative
> remedies, the Zabkas brought suit on their claims (via this
> counterclaim).

The Counterclaims further contain allegations suggesting the inference that to the extent that any exhaustion requirements were not technically met, any failure was because the Government essentially foreclosed such options and rendered further efforts futile.

These allegations demonstrate a right to relief that is more than speculative and are sufficient to survive a motion to dismiss. The Government's suggestion to the contrary is without merit, as finding in the Government's favor would require moving beyond the pleadings to resolve issues of fact in a manner not appropriate at the motion to dismiss stage.

The Government also seeks dismissal on the grounds that the Counterclaims do not sufficiently allege that the action was brought within the two-year period after the right of action accrued. The Zabkas do not respond to this portion of the Motion to Dismiss and are thereby deemed to have conceded that their Counterclaims are unclear in this respect. The Zabkas will, however, be given the opportunity to file Second Amended Counterclaims curing this deficiency within 14 days from the date of this Order if there is a basis for doing so in good faith.

## CONCLUSION

For the reasons set forth herein, the Government's Motion to Dismiss [#56] is GRANTED IN PART and DENIED IN PART. The Zabkas are granted leave to file

Second Amended Counterclaims curing the identified deficiency within 14 days from the date of this Order.

ENTERED this 14th day of February, 2011.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge