# United States District Court
# Central District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1078 |
| | ) |
| ROBERT K. ZABKA, DEBRA ZABKA, | ) |
| BROOKSTONE HOSPITALITY | ) |
| LIMITED PARTNERSHIP, ANTIQUES | ) |
| LIMITED PARTNERSHIP, ZFP | ) |
| LIMITED PARTNERSHIP, PRARIE | ) |
| STATE BANK & TRUST, N.A., FIRST | ) |
| MID-ILLINOIS BANK & TRUST, N.A., | ) |
| BANK OF AMERICA, N.A., and | ) |
| ELEOS, LLC, | ) |
| | ) |
| Defendants, | ) |

## ORDER

Now before the Court is Plaintiff United States of America's Motion for Partial Summary Judgment, Motion for Telephonic Oral Argument, and Defendants' Motion to Compel. For the reasons set forth below, the Motion for Summary Judgment [#19] is GRANTED. The Motion for Telephonic Oral Argument [#33] is DENIED, and the Motion to Compel [#28] is DENIED.

**LOCAL RULE 7.1(D)(2)(b)**

Local Rule 7.1(D)(2)(b) of the Central District of Illinois provides the rule for a non-movant's response to Undisputed Material Facts. Local Rule 7.1(D)(2)(b)(2) for provides that in responding to allegedly undisputed material facts, the party filing the response shall:

> List by number each fact from Section B of the motion for summary judgment which is conceded to be material but is claimed to be disputed. Each such claim of disputed fact must be supported by evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already submitted by the movant.

1

Furthermore, Local Rule 7.1(D)(2)(b)(6) states that "A failure to respond to any numbered fact will be deemed an admission of the fact." The Seventh Circuit has "repeatedly…sustained the entry of summary judgment where the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby concedes the movant's version of the facts." Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994).

Despite the fact that Defendants are represented by counsel, who should be well-aware of the requirements of the Local Rules of any district in which they practice, including Local Rule 7.1(D), Defendants have failed to file a proper response to Plaintiff's statement of undisputed facts. In fact, the totality of their response with respect to undisputed fact 2 is as follows:

> The Zabkas dispute Plaitniff's allegation that an assessment was made against the Zabkas for years 1996 and 1997, following the U.S. Tax Court's Decision. Plaintiff produces no evidence of assessment for 1996 and 1997. Moreover, Revenue Officer Sam Randazzo's declaration is insufficient to establish assessment.

(Defendants' Response at 2.) This response is insufficient and fails to comply with Local Rule 7.1(D)(2)(b)(2) in that if fails to indicate how it renders the identified statement as false or otherwise in dispute; it is purely argumentative. Moreover, the response contains no references by page to pertinent evidentiary documentation establishing the issue of fact. Accordingly, the Court is justified in treating such statements as admitted to the extent that Defendants' response is non-responsive to the identified statements of undisputed fact.

## BACKGROUND

On June 28, 2000, Robert K. Zabka and Debra Zabka ("Zabkas" or "Defendants") filed a petition with the U.S. Tax Court seeking a redetermination of their federal income tax liability for the years 1996 and 1997. On April 21, 2004 the United States Tax Court determined that there were deficiencies in income tax, additions to tax, and penalties due from the Zabkas totaling $1,204,825.59 for tax years 1996 and 1997. The Complaint alleges that notices of the assessments and demands for payment were then sent to the Zabkas on or about the dates of

the assessments. The Zabkas have not paid the deficiencies, and, as of April 16, 2010, the Zabkas' outstanding balance is $1,769,458.26.

On April 22, 2009, the Zabkas submitted a Freedom of Information Act ("FOIA") Request to Disclosure Officer Stephanie Brown ("Brown") for the tax years 1996 thru 1999, inclusive. The Zabkas requested their "entire file held by IRS Technical Services Advisory Group, Stop 5012 CHI Group Manager, David Jacoby and Revenue Officer Sam Randazzo." The Defendants then received over 1,300 pages from Brown. According to Defendants, there was no Form 23C "Summary Record of Assessments" or Form 4340 "Certificate of Assessment" included in the returned documentation. There were no other documents signed by an assessment officer on the date of the alleged assessment.

On March 2, 2010, the United States Government ("Government") filed its Complaint requesting a determination on unpaid assessments of income tax, penalties, and interest for the years 1996-1999. The Government has now moved for partial summary judgment on Defendants liability for tax years 1996 and 1997. The matter is fully briefed and this Order follows.

**DISCUSSION**

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against

the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Cain v. Lane</u>, 857 F.3d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine issue for trial. <u>Celotex Corp</u>., 477 U.S. at 324. The Court must then determine whether a trial is necessary – whether, in other words, there are any genuine factual issues that must be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. <u>Anderson</u>, 477 U.S. at 249; <u>Hedberg v. Indiana Bell Tel. Co., Inc</u>., 47 F.3d 928, 931 (7th Cir. 1995). Finally, where a party bears the burden of proof on an issue, he or she must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. <u>Sarsha v. Sears, Roebuck & Co</u>., 3 F.3d 1035, 1041 (7th Cir. 1993).

Plaintiff asserts a single basis for the entry of summary judgment in its favor: the Zabkas are liable for the unpaid balance of the assessments for the years 1996 and 1997. Normally, the Government establishes its prima facie case of liability by introducing into evidence certified copies of the federal tax assessment. <u>United States of America v. Hart</u>, 1989 U.S. Dist. Lexis 13675 (C.D. Ill. 1989). Title 26 U.S.C. § 6203 provides that an "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." The corresponding regulation then directs that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment." 26 CFR § 301.6203-1. Historically, this was done using Form 23C, but that being said, "no regulation or statute requires that the 'copy of the record of assessment' mentioned in 26 U.S.C. § 6203 be made on a Form 23C." <u>March v. Internal Revenue Service</u>, 335 F.3d 1186, 1188 (10th Cir. 2003).

4

Here, the Government provides no copies of the actual federal tax assessment or Form 23C, but, instead, includes a copy of the Tax Court decision by Judge Wells and a Declaration of Revenue Officer Randazzo. Although the Defendants attempt to argue that the assessments were never made, by virtue of their failure to comply with Local Rule 7.1(D)(2)(b), they have admitted that:

> On August 9, 2004, a delegate of the Secretary of Treasury made assessments of income tax, penalties, and interest (through the date of assessment) against Robert K. Zabka and Debra Zabka, jointly and severally, for the years 1996 and 1997, in the following amounts:

| Year | Tax | §6651(a)(1) Pen. | §6662(a)(2) Pen. | Interest |
|---|---|---|---|---|
| 1996 | $258,136.00 | $51,627.20 | $51,627.20 | $242,471.41 |
| 1997 | 271,283.00 | 67,820.75 | 54,256.60 | 207,603.43 |

Since Defendants have been deemed to concede this material fact, the Court accepts that the assessment was made, and finds that the Government has established a prima facie case of liability.

Even assuming that the Court did not enforce the requirements of Local Rule 7.1(D) against the Zabkas, summary judgment would still be appropriate. The Zabkas attempt to avoid summary judgment by criticizing the documents produced by the Government in response to their request for the Certificates of Assessment. It is well-settled that while a taxpayer has the right to request a copy of certain parts of the assessment record, the IRS is not required to provide a copy of the actual Summary Record of Assessment. <u>March</u>, 335 F.3d at 1188. Rather:

> [C]ourts have held that the IRS may submit Certificates of Assessments and Payments on Form 4340. Form 4340 details the assessments made and the relevant date that a Summary Record of Assessment was executed. The courts have also held that these Certificates on Form 4340 "are presumptive proof of a valid assessment."

<u>Id.</u>; <u>United States v. McCallum</u>, 970 F.2d 66, 71 (5th Cir. 1992) (holding that a Form 4340 can be "presumptive proof of a valid assessment where the taxpayer has produced no evidence to

5

counter that presumption"); United States v. Wesselman, 2010 WL 5394728, at *2 (7th Cir. Dec. 23, 2010); Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992). This is precisely what the Government did in this case in producing Certificates of Official Record for 1996 and 1997 signed under seal by Michael C. Loughran (Loughran), Accounting Operations Manager for the Kansas City Submission Processing Center. The documents each consist of Loughran's certification, as well as a multi-page, computerized Certificate of Assessments, Payments, and Other Specified Matters on Form 4340. Both documents identify the Zabkas as the taxpayers by both name and social security number; both show that taxes and penalties were assessed after the Zabkas failed to pay, the assessment date (23C or RAC 006), and reference the issuance of statutory notices. Accordingly, the Government has introduced presumptive proof of valid assessments.

The Zabkas next attempt to rebut the presumptive validity of the assessments by asserting that they never received any notice of assessment. However, it is the preparation and sending of the notice, rather than the actual receipt by the taxpayer that is important. A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1); Hughes v. United States, 953 F.2d 531, 541-42 (9th Cir. 1992). Their own self-serving declarations stating that they never received a summary of assessment or duly signed certificate of assessment are simply insufficient to demonstrate that the notices were not sent. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Perez v. United States, 312 F.3d 191, 195-96 (5th Cir. 2002). The Zabkas have introduced no evidence promoting the reasonable inference that the notices were not in fact mailed, mailed to an incorrect address, or were mailed to some address other than their last known address.

Finally, the Zabkas rely on the response they received to a Freedom of Information Act Request dated April 21, 2009, to Disclosure Office Stephanie Brown, requesting their "entire file held by Technical Services Advisory Stop 5012 CHI, Group Manager, David Jacoby, and Sam Randazzo." They argue that the fact that this response did not contain any Form 23C Summary

6

Records of Assessment or Form 4340 Certificates of Assessment affirmatively establishes that no such assessments were ever made.  With all due respect, this request can best be described as equivalent to a letter sent to a security guard at the National Archives requesting a copy of all documents in his possession and then suggesting that because he did not provide a copy of the U.S. Constitution that it does not exist.  This artfully worded request seeking only the file as held by a very specific office, rather than a general records custodian or some other entity within the IRS more likely to possess entire taxpayer files, cannot reasonably promote the inference that the Zabkas seek to draw.  They have therefore failed to rebut the presumptive validity of the assessments in question.

Once the Government has established a prima facie case of liability, the burden of proof is placed on the taxpayer to show that the assessment is incorrect and to show the correct amount of tax due.  Id., citing United States v. Janis, 428 U.S. 433 (1976); Louis v. Reynolds, 284 U.S. 281 (1932).  However, the Zabkas have already had the opportunity to argue the merits of their case when it was before the Tax Court.  Because the Tax Court has already ruled on the correctness of the amount due, judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and year.  Commissioner v. Sunnen, 333 U.S. 591, 598 (1948).  Therefore, res judicata precludes the Zabkas from contesting liability for any deficiencies for the years 1996 and 1997.  Id.  As a result, they are unable to rebut the Government's prima facie case, and summary judgment in favor of the Plaintiff, the United States of America, will be allowed as to its claims regarding the Zabkas' liability for unpaid assessments of income tax, penalties, and interest in the amount of $834,476.00 for the year 1996 and in the amount of $934,982.26 for the year 1997 plus interest and other statutory additions accruing from and after April 15, 2010.

## CONCLUSION

The United States Government has established a prima facie case of liability for amounts due on assessment for the years 1996 and 1997.  The Zabkas have not rebutted the

validity of the assessments and are barred from challenging the correctness of the assessments. Consequently, they are liable to the Government based on unpaid assessments of federal income tax, penalties, and interest, in the amount of $834,476.00 for 1996 and $934,982.26 for 1997, each plus interest and other statutory additions accruing from and after April 15, 2010. Therefore, for the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment [#19] is GRANTED, and Defendants' Motion for Telephonic Oral Argument [#33] is DENIED. Defendants' Motion to Compel [#28] is DENIED, as it is premised upon the assertion that the Form 3430s produced by the Government are insufficient.

    Entered this 25th day of February, 2011.

                                        <u>s/ Michael M. Mihm</u>
                                        Michael M. Mihm
                                        United States District Judge